IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02691-BNB

DOUGLAS BURNS,

       Plaintiff,

v.

SGT. STACEY BUFORD,
JOHN DOE, Colorado Attorney General,
R. N. WOLFF,
LT. M. MEEHAN,
TED LAURANCE, P.A.,
DR. AASEN,
DR. VAHIL,
P.A. TEJINDER SINGH,
NURSE OR P.A.'S JOHN AND JANE DOE'S at DWCF Infirmary,
RUDY HERRERA, and
JOHN DAVIS,

       Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 7 2011

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Douglas Burns, is a prisoner in the custody of the Colorado Department

of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility

in Crowley, Colorado.  Mr. Burns initiated this action by filing *pro se* a Prisoner

Complaint.  He has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.

The Court must construe the complaint liberally because Mr. Burns is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be

an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Mr. Burns will be directed to file an amended complaint.

The Court initially notes that Mr. Burns asserts jurisdiction pursuant to 18 U.S.C.

§§ 241 and 241; 42 U.S.C. § 1983; and 28 U.S.C. §§ 1361, 1651, 1291, 2201, 2202,

2321. He also asserts supplemental jurisdiction pursuant to 28 U.S.C. §§ 1376, 1377,

and 1367. However, he fails to clarify which claims are asserted pursuant to which

statute.

Mr. Burns appears to invoke the authority of United States attorneys under 28

U.S.C. § 547 to initiate a federal criminal prosecution pursuant to 18 U.S.C. §§ 241 and

242. He may not do so. Courts universally endorse the principle that private citizens

cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st

Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457

F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our

federal system crimes are always prosecuted by the Federal Government, not as has

sometimes been done in Anglo-American jurisdictions by private complaints.");

*Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally

have no standing to institute federal criminal proceedings."). Therefore, Mr. Burns lacks

standing to maintain a criminal action.

In addition, the Court has reviewed the complaint and finds that it does not

comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure. The twin purposes of a complaint are to give the opposing parties fair

notice of the basis for the claims against them so that they may respond and to allow

2

the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Burns fails to set forth a short and plain statement of his claims showing that he is entitled to relief. He has presented his claims in a chronological narrative rather than asserting each claim in a short and concise statement. As a result, he sets forth an extended and unnecessary discussion of often insignificant details and legal argument in his complaint rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). The Court finds that the complaint is unnecessarily verbose and confusing. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

3

Mr. Burns fails to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Plaintiff must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated their rights. In the amended complaint, Plaintiff must identify which claims are asserted pursuant to what statutory authority.

In order to state a claim in federal court, Mr. Burns "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, in the amended complaint he will be directed to file, Mr. Burns must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Burns must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on

4

a theory of respondeat superior merely because of his or her supervisory position. *See*

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d

479, 483 (10th Cir. 1983).

Mr. Burns may use fictitious names, such as "John or Jane Doe," if he does not

know the real names of the individuals who allegedly violated his rights.  However, if Mr.

Burns uses fictitious names he must provide sufficient information about each

defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's

sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th

Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The

Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8.

Plaintiff will be given an opportunity to cure the deficiencies in the complaint by

submitting an amended complaint that complies with Fed. R. Civ. P. 8.  He will be

directed to do so below.  Accordingly, it is

ORDERED that Plaintiff, Douglas Burns, **within thirty (30) days from the date**

**of this order,** file an amended complaint that complies with this order and with the

pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended

Complaint," and filed with the Clerk of the Court, United States District Court for the

District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street,

A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together

5

with a copy of this order, two copies of the following form, one of which is to be used in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED February 7, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-02691-BNB

Douglas Burns
Prisoner No.  47358
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on February 7, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk