**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 8 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02691-LTB

DOUGLAS BURNS,

      Plaintiff,

v.

SGT. STACEY BUFORD,
JOHN DOE, Colorado Attorney General,
R. N. WOLFF,
LT. M. MEEHAN,
TED LAURANCE, P.A.,
DR. AASEN,
DR. VAHIL,
P.A. TEJINDER SINGH,
NURSE OR P.A.'S JOHN AND JANE DOE'S at DWCF Infirmary,
RUDY HERRERA, and
JOHN DAVIS,

      Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

      Plaintiff, Douglas Burns, filed **pro se** on May 25, 2011, a motion titled "Motion for Enlargement of Time After Expiration and or For Relief From Judgement [sic]" (ECF No. 18), which the Court denied by minute order on May 25, 2011.  To the extent Mr. Burns asked in the motion for the Court to vacate the Order of Dismissal (ECF No. 10) entered in this action on March 15, 2011, the minute order will be vacated, and the motion for relief from judgment will be treated as a motion to reconsider and addressed on the merits.

      The Court must construe the motion to reconsider liberally because Mr. Burns is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below,

the motion to reconsider will be denied.

A litigant subject to an adverse judgment and who seeks reconsideration by the

district court of that adverse judgment may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  Therefore,

because the motion to reconsider filed by Mr. Burns was filed more than twenty-eight

days after the Judgment (ECF No. 11) was entered in this action on March 15, 2011,

the motion will be considered pursuant to Fed. R. Civ. P. 60(b).  *See Van Skiver*, 952

F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule

59(e) motion under prior version of that rule should be construed as a Rule 60(b)

motion).  Relief under Rule 60(b) is appropriate only in extraordinary circumstances.

*See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330

(10th Cir. 1994).

The Court dismissed the instant action without prejudice on March 15, 2011,

because Mr. Burns failed within the time allowed to comply with the orders of November

4, 2010, and February 7, 2011, directing him to pay a $15.00 initial partial filing fee and

file an amended complaint that complied with the pleading requirements of Rule 8 of the

Federal Rules of Civil Procedure.  On December 8, 2010, the Court had granted by

2

minute order his motion for extension of time, filed on December 7, 2010, and allowed him an additional thirty days in which to pay the initial partial filing fee.

It has come to the Court's attention that the initial partial filing fee was paid on January 4, 2011, but never docketed on that date. It also has come to the Court's attention that a letter submitted by Melinda J. Burns, also not docketed at the time it was submitted, accompanied the initial partial filing fee and requested an extension of time due to Mr. Burns' hospitalization. The clerk of the Court has corrected these docketing errors (ECF No. 23). In any event, Ms. Burns is not a party to this lawsuit and lacks authority to request an extension of time on Mr. Burns' behalf. Therefore, to the extent the dismissal order of March 15, 2011, was based upon Mr. Burns' failure to comply with the order of November 4, 2010, directing him to pay a $15.00 initial partial filing fee, that portion of the dismissal order will be vacated.

However, Mr. Burns still failed within the time allowed to comply with the order for an amended complaint. In the motion to reconsider, Mr. Burns contends he never received the order for an amended complaint. He also contends he did not do any legal work or respond as required because he has been hospitalized since November 20, 2010. However, the order for an amended complaint was not returned to the Court as undeliverable, and the Court notes Mr. Burns signed and submitted his motion for extension of time to pay the initial partial filing fee on December 2, 2010, after the time when he alleges he was hospitalized. He also managed to file three motions on May 19, 2011 (ECF Nos. 12, 13, 14), and five motions on May 25, 2011 (ECF Nos. 16, 17, 18, 19, 20), before filing his motion to reconsider on June 3, 2011 (ECF No. 22).

Upon consideration of the motion to reconsider and the entire file, the Court finds

3

that the motion must be denied.  Mr. Burns fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the portion of the dismissal order dismissing this action for his failure, within the time allowed, to file an amended complaint as directed.  Mr. Burns is reminded, however, that the Court dismissed the instant action without prejudice.  Therefore, if Mr. Burns wishes to pursue his claims, he may do so by filing a new action.  Accordingly, it is

ORDERED that the minute order of March 27, 2011, is vacated to the extent it denied that portion of the motion Plaintiff, Douglas Burns, filed ***pro se*** on May 25, 2011, asking the Court to vacate the Order of Dismissal entered in this action on March 15, 2011.  It is

FURTHER ORDERED that, to the extent the Court dismissed the instant action because Mr. Burns failed, within the time allowed, to comply with the order of November 4, 2010, to pay a $15.00 initial partial filing fee, the Order of Dismissal is vacated.  It is

FURTHER ORDERED that the motion for relief from judgment filed on March 25, 2011, which the Court treated as a motion seeking relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this  8th  day of ____June_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02691-BNB

Douglas Burns
Prisoner No.  47358
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on June 8, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk