IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02691-LTB

DOUGLAS BURNS,

    Plaintiff,

v.

SGT. STACEY BUFORD,
JOHN DOE, Colorado Attorney General,
R. N. WOLFF,
LT. M. MEEHAN,
TED LAURANCE, P.A.,
DR. AASEN,
DR. VAHIL,
P.A. TEJINDER SINGH,
NURSE OR P.A.'S JOHN AND JANE DOE'S at DWCF Infirmary,
RUDY HERRERA, and
JOHN DAVIS,

    Defendants.

---

ORDER DENYING MOTION TO RECUSE AND
GRANTING MOTION TO RECONSIDER

---

    Plaintiff, Douglas Burns, currently resides in Lakewood, Colorado.  He was a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Crowley, Colorado, when he initiated this action by filing *pro se* a prisoner complaint pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1983, and other statutory authority (ECF No. 3), seeking declaratory relief and money damages, among other relief.  He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe Mr. Burns' filings liberally because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a pro se litigant.  *Hall*, 935 F.2d at 1110.

<u>Motion to Recuse</u>

The Court first will address the motion for recusal pursuant to 28 U.S.C. §§ 144 and 455 titled "Request to Recuse or Disqualify the Judge" (ECF No. 57) that Mr. Burns filed together with a supporting affidavit on March 5, 2012.  For the reasons set forth below, the motion to recuse will be denied.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party.  Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice.  *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).  "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."  *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  Although the court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party.  *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988).  The moving party has a substantial burden "to demonstrate that the judge is not impartial."  *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The goal of this provision is to avoid even the appearance of partiality.  *See Liljeberg v. Health Servs.*

*Acquisition Corp.*, 486 U.S. 847, 860 (1988).  Pursuant to § 455, the court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  *Glass*, 849 F.2d at 1268 (internal quotation marks omitted).  The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

     Mr. Burns fails to make any argument that would demonstrate an appearance of partiality.  Instead, Mr. Burns merely disagrees with orders entered, or not entered, in this action.  However, these allegations are not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Therefore, the *pro se* motion for recusal pursuant to 28 U.S.C. §§ 144 and 455 titled "Request to Recuse or Disqualify the Judge" (ECF No. 57) will be denied.

Motion to Reconsider

     The Court next will address Mr. Burns' motion to reconsider titled "Motion for Enlargement of Time After Expiration and/or for Relief From Judgement [sic]" (ECF No. 18) filed on May 25, 2011.  Some background is in order.  On February 7, 2011, the Court entered an order (ECF No. 9) directing Mr. Burns to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  On March 15, 2011, the Court dismissed (ECF No. 10) the complaint and the action without prejudice for Mr. Burns' failure to (1) pay the

initial partial filing fee or show cause why he was unable to do so; (2) file an amended complaint that complied with Fed. R. Civ. P. 8 and the directives of the order for an amended complaint filed February 7, 2011; and (3) for failure to prosecute. Judgment was entered on the same day.

On May 27, 2011, the Court entered a minute order (ECF No. 21) explaining that the case had been dismissed and denying five pending motions as moot. On June 8, 2011, the Court denied (ECF No. 29) Mr. Burns' motion to reconsider. On June 16, 2011, the Court entered an amended order (ECF No. 31) denying reconsideration.

Mr. Burns appealed to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit), and on November 29, 2011, the Tenth Circuit vacated the minute order dated May 27, 2011, insofar as it denied the Fed. R. Civ. P. 60(b) motion, as well as the amended June 16 order in its entirety, and remanded the case for this Court to consider Mr. Burns' Fed. R. Civ. P. 60(b) motion after Mr. Burns had been allowed to submit his evidence supporting his claim of non-receipt of the February 7 order to file an amended complaint.

Therefore, on February 13, 2012, the Court entered an order (ECF No. 48) directing Mr. Burns to supplement the record within thirty days by submitting his evidence in support of his claim of non-receipt of the February 7 order. The order dated February 13 warned Mr. Burns that if he failed to supplement the record as directed within the time allowed the Court would consider the Fed. R. Civ. P. 60(b) motion without such evidence. The order also denied as premature Mr. Burns' "Tenative [sic] Motion for Subpoenas's [sic] at Court Expense" (ECF No. 47), filed on January 17, 2012.

On February 24, 2012, Mr. Burns objected (ECF No. 52) to the February 13 order to the extent it denied his tentative motion for subpoenas and sought reconsideration of the February 13 order.  On February 27, 2012, the Court entered a minute order (ECF No. 54) for Respondents to respond to the objection within twenty-one days, and allowed Mr. Burns to file a reply within twenty-one days from the date of the response. The Court also temporarily waived the deadline for Mr. Burns to respond to the February 13, 2012, order to supplement (ECF No. 48).

On March 5, 2012, Mr. Burns filed a motion titled "Motion to Submit Supplemental Evidence in Support of Rule 60(b) Motion" (ECF No. 55), in which he incorporated his objection to the Court's denial of his Tenative [sic] Motion for Subpoenas's [sic] at Court Expense (ECF No. 47), and submitted the supplemental evidence supporting his claim of non-receipt of the February 7  order for an amended complaint.  Therefore, the objection filed on February 24, 2012, is unnecessary and need not be addressed further, and to the extent the February 24 objection sought reconsideration of the February 13 order, the request will be denied as unnecessary. The motion to submit supplemental evidence (ECF No. 55) will be granted.

On March 5, 2012, Mr. Burns also objected (ECF No. 56) to the minute order dated February 27, 2012, directing Respondents to respond to his objection (ECF No. 52) of February 24, 2012.  However, according to the Court's docketing records, the February 27 minute order, through a docketing error, never was mailed to Respondents.  Therefore, Mr. Burns' March 5 objection (ECF No. 56) is unnecessary and need not be addressed further.

The Court now will consider Mr. Burns' Fed. R. Civ. P. 60(b) motion (ECF No. 18)

filed on May 25, 2011, as supplemented by the evidence Mr. Burns submitted on March 5, 2012 (ECF No. 55).  For the reasons stated below, the motion to reconsider will be granted.

This case was dismissed without prejudice (ECF No. 10) on March 15, 2011, because Mr. Burns failed within the time allowed to file an amended complaint as directed in the February 7 order and, at the time, the Court believed he failed to pay the $15.00 initial partial filing fee.  The Court later determined that the initial partial filing fee was paid on January 4, 2011, but through a docketing error, was not docketed until June 7, 2011 (ECF No. 23).  Judgment (ECF No. 11) was entered on March 15, 2011.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  However, a motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  Because Mr. Burns' motion asking the Court to reconsider was filed on May 25, 2011, more than twenty-eight days after the Judgment was entered in this action, the motion properly is asserted pursuant to Fed. R. Civ. P. 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion).  Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Mr. Burns' motion to reconsider (ECF No. 18), as supplemented by his motion to

submit supplemental evidence (ECF No. 55), indicates that Mr. Burns was unable to respond in a timely manner to the February 7 order for an amended complaint because he either was hospitalized, in transit between infirmaries for complications arising from ulcerative colitis, or otherwise incapacitated. Therefore, the motion to reconsider will be granted. Mr. Burns will be allowed thirty days from the date of this order in which to file an amended complaint that complies with the order of February 7, 2011.

Finally, since Mr. Burns is no longer a prisoner, he also must file a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915, the form used by non-prisoners, in order to continue to proceed *in forma pauperis*.

Mr. Burns' continuing obligation to pay the filing fee is to be determined, like any non-prisoner, solely on the basis of whether he qualifies for *in forma pauperis status*. *See Whitney v. New Mexico*, 113 F.3d 1170, 1171 n.1 (10th Cir. 1997); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 612-13 (6th Cir. 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138-39 (6th Cir. 1997); *McGann v. Commissioner, Soc. Sec. Admin.*, 96 F.3d 28, 29-30 (2d Cir. 1996). Therefore, Mr. Burns will be ordered to submit a motion and affidavit for leave to proceed pursuant to § 1915. Alternatively, Mr. Burns may elect to pay the $335.00 balance owed on the $350.00 filing fee to pursue his claims in this action.

Accordingly, it is

ORDERED that the motion pursuant to 28 U.S.C. §§ 144 and 455 titled "Request to Recuse or Disqualify the Judge" (ECF No. 57) that Plaintiff, Douglas Burns, filed *pro se* on March 5, 2012, is denied. It is

FURTHER ORDERED that, to the extent the objection (ECF No. 52) of February

24, 2012, sought reconsideration of the February 13, 2012, order directing Mr. Burns to supplement the record, the request is denied as unnecessary. It is

FURTHER ORDERED that the motion titled "Motion to Submit Supplemental Evidence in Support of Rule 60(b) Motion" (ECF No. 55) that Mr. Burns filed on March 5, 2012, is granted. It is

FURTHER ORDERED that the motion to reconsider titled "Motion for Enlargement of Time After Expiration and/or for Relief From Judgement [sic]" (ECF No. 18) that Mr. Burns filed on May 25, 2011, is granted. It is

FURTHER ORDERED that Mr. Burns is directed to file **within thirty (30) days from the date of this order** an amended complaint that complies with the order of February 7, 2011, and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in the February 7 order. It is

FURTHER ORDERED that Mr. Burns is directed to file **within thirty (30) days from the date of this order** a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Alternatively, he may pay the $335.00 balance owed on the $350.00 filing fee to pursue his claims in this action. It is

FURTHER ORDERED that Mr. Burns obtain the Court-approved Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint forms, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without further notice. It is

FURTHER ORDERED that this action is returned to the *pro se* docket.

DATED at Denver, Colorado, this  11th  day of    May           , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court