IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02691-BNB

DOUGLAS BURNS,

    Plaintiff,

v.

STACEY BUFORD, Sgt.,
COLORADO ATTORNEY GENERAL (John or Jane Doe or Rob or Jennifer Huss),
ERIN WOLFF, R.N.,
M. MEEHAN, Lt.,
TED LAURENCE, P.A.,
ASSEN, Dr.,
VIHIL, Dr.,
TEJINDER SINGH, P.A.,
JOHN AND JANE DOES, Nurse and P.A.'s at DWCF Infirmary,
JEFF CLEMENS, Dr., St. Mary Corwin,
CORRECTIONAL HEALTH PARTNERS, Colorado Department of Corrections; John
    and Jane Does for the Above;
FERNANDEZ A. HENRIQUE, J.M.D., St. Mary Corwin,
CLINICAL SERVICES FOR COLORADO DEPARTMENT OF CORRECTIONS,
KELLY WASKO,
PERSON ASSIGNED TO DOUGLAS BURNS HEALTH CARE, Jane Doe Nurse at La
    Vista Correctional Facility and John or Jane Doe for the La Vista Correctional
    Facility Clinical Services, and
NURSES AND P.A.'S ON THE SWING SHIFT, Denver Women's Prison Jane Does at
    Denver Women's Correctional Facility,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Plaintiff, Douglas Burns, resides in Lakewood, Colorado. At the time he initiated this action, he was in the custody of the Colorado Department of Corrections (CDOC). On February 7, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Burns to file an amended complaint to comply with Fed. R. Civ. P. Rule 8 and to assert the personal

participation of all named defendants.  This action was thereafter dismissed without prejudice on March 15, 2011 because, *inter alia*, Mr. Burns failed to file an amended complaint.  The Court thereafter denied Plaintiff's motion to reconsider, and he appealed that order to the United States Circuit Court for the Tenth Circuit Court of Appeals.  The Tenth Circuit vacated the order denying Mr. Burns' Rule 60(b) motion and remanded the case for this Court to consider the motion after he had been allowed to submit evidence supporting his claim that he never received the order of February 7, 2011, directing him to file an amended complaint. On May 11, 2012, this Court ordered Plaintiff to file an amended complaint within thirty days that complied with the directives in the February 7, 2011, Order.  Mr. Burns filed his amended Prisoner Complaint on June 11, 2012.  Mr. Burns claims in the amended Prisoner Complaint that he was deprived of his constitutional rights while he was in the custody of the CDOC, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

Mr. Burns has been granted leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915.  The Court must dismiss the amended complaint, or any portion of the amended complaint, that is frivolous.  *See* 28 U.S.C. § 1915A(b)(1).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Complaint liberally because Mr. Burns is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, his poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Burns alleges in claim one of the amended Prisoner Complaint that defendants Colorado Attorney General and Stacey Burford, the property sergeant at Arkansas Valley Correctional Facility, confiscated a petition for writ of habeas corpus that he intended to file with the Colorado Supreme Court.  Plaintiff alleges in claim two that Defendants Wolff and Meehan retaliated against him for complaining about the denial of medical care when they filed a false disciplinary report that resulted in the loss of good/earned time credits in December 2009.  Mr. Burns states that he prevailed in his appeal of the disciplinary conviction to the state district court.  For claims three through seven, Plaintiff asserts that he was denied adequate medical care for his ulcerative colitis by Defendants Vihil; Singh; Laurance; Assen; John and Jane Doe nurses and P.A.'s at Denver Women's Correctional Facility infirmary; Wasko; Dr. Fernandez; Correctional Health Partners; Clinical Services for CDOC; Dr. Clemens; and the John and Jane Doe La Vista medical personnel.

The claims asserted by Mr. Burns against the CDOC are barred by sovereign immunity.  *See Griess v. State of Colorado*, 841 F.2d 1042, 1044 (10th Cir. 1988) (the CDOC is an agency of the State of Colorado that has not expressly waived its sovereign immunity).  Accordingly, the CDOC is an improper party to this action and will be dismissed.

Mr. Burns' Eighth Amendment claim against Defendant Correctional Health

Partners, a private contractor and medical services provider for the CDOC, must also be dismissed. The established principles of municipal liability have been found to apply to § 1983 claims brought against private corporations such as the Defendant. *See, e.g., Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir.2003) (finding that "[a]lthough the Supreme Court's interpretation of § 1983 in Monell applied to municipal governments and not to private entities acting under color of state law, case law from this and other circuits has extended the Monell doctrine to private § 1983 defendants."). According to the principles of municipal liability, a private actor such as Correctional Health Partners "cannot be held liable solely because it employs a tortfeasor-or, in other words . . . cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). In order to hold a private actor liable for the alleged constitutional violations of its agents, a plaintiff must show that the private actor directly caused the constitutional violation by instituting an "official municipal policy of some nature" that was the "direct cause" or "moving force" behind the constitutional violation. *Smedley v. Corr. Corp. of Am.*, 175 Fed. Appx. 943, 944 (10th Cir. Dec. 20, 2005) (unpublished opinion). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights." *Bd. of County Com'rs. v. Brown*, 520 U.S. 397, 404 (1997).

Here, Mr. Burns does not identify an "official municipal policy of some nature" that was the "moving force" behind the constitutional violations he alleges. *Smedley*, 175 Fed. Appx. at 944. Therefore, Correctional Health Partners is not a proper party to this action and will be dismissed.

In addition, Mr. Burns first claim must be dismissed as legally frivolous. He asserts that he was denied his constitutional right of access to the courts when Defendants Buford, the mail room sergeant, and the Colorado Attorney General confiscated the state habeas petition that he intended to file with the Colorado Supreme Court. However, Mr. Burns cannot prevail on this claim because he does not allege an actual injury. Specifically, he has not alleged facts to show that he tried to pursue a non-frivolous claim in court but was unable to do so. *See Lewis v. Casey*, 518 U.S. 343, 348-50 (1996); *see also Williams v. Mestas*, No. 09-1236, 355 F. App'x. 222, 224-25 (10th Cir. Dec. 8, 2009) (dismissing claim as legally frivolous).

Further, Mr. Burns does not state specific facts to show that Defendant Colorado Attorney General personally participated in the confiscation of the habeas corpus petition. Mr. Burns was warned by Magistrate Judge Boland in the Order of February 7, 2011, that personal participation is an essential element of a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir .1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.1993).

Accordingly, Defendants Buford and the Colorado Attorney General are improper parties to this action and will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Burns' remaining claims (Claims Two, Three, Four, Five, Six and Seven) do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. See D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants Stacey Buford, the Colorado Attorney General, and Correctional Health Care Partners are dismissed as parties to this action.  The CDOC is also dismissed to the extent Plaintiff brings a claim against that entity.  It is

FURTHER ORDERED that Claim One is dismissed for the reasons set forth above. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

FURTHER ORDERED that Plaintiff's "Request to Rehear Previously Filed Motion for Referral to Mentor Program, Request for Counsel and Waiver of Service" (ECF No. 61) is denied as premature.  Plaintiff may refile his motion after the Defendants file an Answer or other responsive pleading to the amended complaint.

DATED at Denver, Colorado, this  19th  day of    June       , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court