IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02691-MSK-CBS

DOUGLAS BURNS,
        Plaintiff,
v.

RN ERIN WOLFF,
LT. M. MEEHAN,
TED LAURENCE, PA.,
DR. ASSEN,
DR. VIHIL,
P.A. TEJINDER SINGH,
NURSE AND P.A.S JOHN & JANE DOES AT DWCF INFIRMARY,
DR. JEFF CLEMENS, ST MARY CORWIN,
FERNANDEZ A. HENRIQUE J. MD. ST MARY CORWIN,
CLINICAL SERVICES FOR COLO. DEPT. OF CORRECTIONS,
KELLY WASKO,
PERSON ASSIGNED TO DOUGLAS BURNS HEALTH CARE,
JANE DOE NURSE AT LA VISTA CORRECTIONAL FACILITY,
JOHN OR JANE DOE FOR THE LA VISTA CORRECTIONAL FACILITY CLINICAL SERVICES,
NURSES AND P.A.S ON THE SWING SHIFT AT THE DENVER WOMENS PRISON, and
JANE DOES AT DENVER WOMENS CORRECTIONAL FACILITY,
        Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on Defendants Meehan, Laurence, Aasen, Vahil,

Singh, and Wasko's Partial Motion to Dismiss (Doc. # 87), joined by Defendant Wolff (Doc. #

92).  Pursuant to the Order Referring Case dated June 20, 2012 (Doc. # 65) and the

memoranda dated October 25, 2012 (Doc. # 89) and November 6, 2012 (Doc. # 93), this matter

was referred to the Magistrate Judge.  The court has reviewed the Motion, Mr. Burns's

Consolidated Response and Affidavit (filed December 11, 2012) (Docs. # 101 and # 102),

Defendant Wolff's Reply (filed December 17, 2012) (Doc. # 108), the pleadings, the entire case

file, and the applicable law and is sufficiently advised in the premises.

I.      Statement of the Case

In September 1985, Mr. Burns pled guilty to one count of second degree burglary and three counts as a habitual criminal.  He was sentenced to life imprisonment pursuant to Colo. Rev. Stat. § 16-13-101(2) (1986).  He was also sentenced in several other felony cases.  He did not appeal his convictions or sentences, but filed many post-conviction and other cases.  Mr. Burns was paroled after this civil action was filed and currently resides in Denver, Colorado.

In his *pro se* capacity, Mr. Burns filed his initial Prisoner Complaint on or about November 4, 2010.  On February 7, 2011, the court ordered Mr. Burns to file an amended complaint.  (*See* "Order Directing Plaintiff to File Amended Complaint" (Doc. # 9)).  On March 15, 2011, the court dismissed this civil action without prejudice because, *inter alia*, Mr. Burns failed to file an amended complaint.  (*See* "Order of Dismissal" (Doc. # 10)).  Mr. Burns appealed the dismissal to the Tenth Circuit Court of Appeals.  (*See* Letters (Docs. # 25, # 26)).  He also appealed the District Court's denial of his request for reconsideration.  (*See* Minute Order (Doc. # 21), "Order Denying Motion to Reconsider" (Doc. # 29), "Amended Order Denying Motion to Reconsider" (Doc. # 31)).  The Tenth Circuit Court of Appeals vacated the District Court's Orders and remanded the case "for the district court to consider Mr. Burns's evidence supporting his claim of non-receipt of the February 7[, 2011] order."  (*See* "Order and Judgment" (Doc. # 42 at 7 of 8)).  On May 11, 2012, the District Court ordered Mr. Burns to file an amended complaint that complied with the directives in the February 7, 2011 Order.  (*See* "Order Denying Motion to Recuse and Granting Motion to Reconsider" (Doc. # 58)).  Mr. Burns filed his Amended Prisoner Complaint ("AC") on June 11, 2012.  (*See* Doc. # 60).

Mr. Burns brings this action for alleged constitutional violations arising from medical care he received in 2008 while he was incarcerated at the Denver Women's Correctional Facility ("DWCF").  Defendants Meehan, Laurence, Aasen, Singh, and Wasko were employed by the Colorado Department of Corrections ("CDOC") during the time period alleged in the AC.  Dr.

Vahil, who was not a CDOC employee, served on the CDOC's Panel of Medical Consultants during the operative time period and is indemnified by the CDOC.  Mr. Burns alleges the following claims against the CDOC Defendants: (1) violation of his Fifth and Fourteenth Amendment due process rights by Defendants Meehan and Wolff based on prosecution for a prison disciplinary violation (Claim 2); (2) violation of his Eighth Amendment rights by Defendant Vahil for inadequate medical treatment and violation of his Fourteenth Amendment due process rights by Defendants Singh, Laurence, Aasen, and Vahil for a threat to file disciplinary charges (Claim 3); and (3) violation of his Eighth Amendment rights by Defendants Wasko and Assan for failure to treat his medical condition between November 22, 2010 and May 13, 2011 (Claim 4). (*See* Doc. # 60 at 5, 8-10 of 15).  Mr. Burns seeks compensatory, punitive, and nominal damages, and declaratory and injunctive relief.  (*See id.* at 14 of 15).

II.    CDOC Defendants' Motion to Dismiss

A.    Standard of Review

The CDOC Defendants move pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for dismissal of the claims against them.  Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  The CDOC Defendants' assertion of Eleventh Amendment immunity constitutes a challenge to the court's subject matter jurisdiction.  *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court");  *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) ("Once effectively asserted [Eleventh Amendment] immunity constitutes a bar to the exercise of federal subject matter jurisdiction.") (original emphasis omitted)).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir.1994) (recognizing federal courts are

courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The determination of subject matter jurisdiction is a threshold issue of law, *Madsen v. U.S. ex rel. U.S. Army Corps. of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987), that the court addresses before turning to the merits of the case.  *Ruiz*, 299 F.3d at 1180.  As the party asserting jurisdiction, Mr. Burns bears the burden of establishing that this court has jurisdiction to hear his claim.  *American Fair Credit Ass'n v. United Credit Nat. Bank*, 132 F. Supp. 2d 1304,1308-09 (D. Colo. 2001) (citation omitted).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  The court's function on a Rule 12(b)(6) motion

> is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's [c]omplaint alone is legally sufficient to state a claim for which relief may be granted.  In doing so, the [c]ourt must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. . .  A court, however, need not accept conclusory allegations.  Generally, [s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.  The plausibility standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible.  However, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.  Thus, even though modern rules of pleading are somewhat forgiving, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.

*Hull v. Colorado Bd. of Governors of Colorado State University*, 805 F. Supp. 2d 1094, 1102 (D. Colo. 2011) (internal quotation marks and citations omitted).

The court must "read pro se complaints more liberally than those composed by lawyers." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012) (internal quotation marks and citation omitted).  However, "the generous construction" that is afforded pro se pleadings has limits, and the court "must avoid becoming the plaintiff's advocate."  *Id.*  Although the court does not "hold the pro se plaintiff to the standard of a trained lawyer," it nonetheless relies on "the plaintiff's statement of his own cause of action."  *Firstenberg*, 696 F.2d at 1024

(internal quotation marks and citations omitted).  Thus, the court "may not rewrite a [complaint] to include claims that were never presented."  *Id.* (internal quotation marks and citations omitted).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *See Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint");  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").


B.     Analysis

1.     Claim for Damages against the CDOC Defendants in their Official Capacities

The CDOC Defendants argue that Mr. Burns's claims against them in their official capacities for retrospective declaratory relief and compensatory and punitive damages are barred by Eleventh Amendment immunity.  To the extent that Mr. Burns sues Defendants in their official capacities, he is actually attempting to impose liability on their employer, the CDOC.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state).   "[W]hen a suit seeks money damages against an official of a state agency, suing that official in his or her official capacity, then the real party in interest is the state, and the suit is barred by the Eleventh Amendment."  *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998) (internal quotation marks and citation omitted), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007).

In his Response Mr. Burns clarifies that "[t]he Defendants are sued in their personal and individual capacities."  (*See* Doc. # 101 at 2, 3 of 11).  The CDOC Defendants' argument that the Eleventh Amendment bars Mr. Burns's claims against them in their official capacities for compensatory and punitive damages is thus moot.

Mr. Burns also seeks injunctive relief.  (See Doc. # 9 at 15 of 15).  The Eleventh Amendment does not always bar actions in federal court seeking injunctive relief against state officials.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (internal quotation marks and citation omitted);  *Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official).  However, to the extent that Mr. Burns seeks retrospective declaratory relief – a declaration that Defendants violated his rights in the past – such claims are barred by the Eleventh Amendment.  *See Meiners v. Univ. of Kansas*, 359 F.3d 1222, 1232 (10th Cir. 2004) (claims for back pay, monetary damages, and retrospective declaratory relief barred by Eleventh Amendment).

"[T]he Eleventh Amendment does not prohibit a suit in federal court to enjoin prospectively a state official from violating federal law."  *Meiners*, 359 F.3d at 1232 (citations omitted).  *See also Idaho v. Coeur D'Alene Tribe of Idaho*, 521 U.S. 261, 276-77 (1997) ("where prospective relief is sought against individual state officers in a federal forum based on a federal right, the Eleventh Amendment, in most cases, is not a bar").  Here, however, Mr. Burns's claims for prospective declaratory and injunctive relief have been rendered moot by his release on parole.  Mr. Burns asks the court to declare that the CDOC Defendants' actions violated his constitutional rights and to order any or all the defendants to provide "[r]estorative surgery to correct the scar[ ] and disfigurements left behind."  (*See* Doc. # 60 at 14 of 15).  Mr. Burns has not alleged a likelihood of future harm by the CDOC Defendants and because he is no longer incarcerated in the CDOC, any declaratory or injunctive relief would have no effect on their conduct.  *See Jordan v. Sosa*, 654 F.3d 1012, 1030 (10th Cir. 2010) (noting that declaratory or injunctive relief against individual defendants would have no effect because the plaintiff is no

longer incarcerated in the facility where the individual defendants work); *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (since plaintiff was no longer a prisoner within the control of the prison, "the entry of a declaratory judgment in [his] favor would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him."); *White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (plaintiff's claim for prospective injunctive relief for surgery on his leg deemed moot in light of plaintiff's subsequent release on parole).  Mr. Burns's declaratory and injunctive relief claims are properly dismissed as moot.

Finally, the Eleventh Amendment does not bar actions for damages against state officials in their individual capacities.  *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993) ("It is well-settled that the Eleventh Amendment bars § 1983 civil actions against the states but permits such suits brought against state officials sued in their individual capacities.") (citation omitted).  The court proceeds to evaluate Mr. Burns's claims against the CDOC Defendants in their individual capacities.

2.      Defendants Rob and Jennifer Huss

On June 19, 2012, District Judge Babcock dismissed Defendants Buford, the Colorado Attorney General, Correctional Health Care Partners, the CDOC, and Claim 1 from this civil action.  (*See* "Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge" (Doc. # 63)).  Mr. Burns alleged in Claim 1 of the AC "that defendants Colorado Attorney General and Stacey Buford, the property sergeant at Arkansas Valley Correctional Facility, confiscated a petition for writ of habeas corpus that he intended to file with the Colorado Supreme Court." (*See id.* at 3 of 6;  Doc. # 60 at 2, 7 of 15).  District Judge Babcock dismissed Claim 1 as legally frivolous and dismissed Defendant Colorado Attorney General for failure to "state specific facts to show that Defendant Colorado Attorney General personally participated in

the confiscation of the habeas corpus petition."   (*See* Doc. # 63 at 5 of 6).   Mr. Burns identified

Defendant Colorado Attorney General as "Rob or Jennifer Huss."  (*See* Doc. # 60 at 2 of 15

("believed Jennifer or Rob Huss John or Jane does [sic]")).   Although Defendant Colorado

Attorney General and Claim 1 were dismissed,  Defendants Rob Huss and Jennifer Huss were

not terminated as Defendants by the Clerk of the Court pursuant to the Order to Dismiss in Part.

Nevertheless, Mr. Burns argues that the court's June 19, 2012 Order was "a

mistake/error at law as to the facts" pursuant to Fed. R. Civ. P. 60(b)(1).  (*See* Doc. # 101 at 1,

3 of 11).  Rule 60(b)(1) provides for relief from a final judgment for reasons of "mistake,

inadvertence, surprise, or excusable neglect."  "Rule 60(b) is not intended to be a substitute for

a direct appeal."  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (citation

omitted).  Relief under Rule 60(b)(1) "is available only for obvious errors of law, apparent on the

record."  *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (citations omitted).

"[T]he 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only

where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has

acted without authority from a party, or (2) where the judge has made a substantive mistake of

law or fact in the final judgment or order."  *Cashner*, 98 F.3d at 576 (citations omitted).  Relief

under Rule 60(b)(1) is not available "to allow a party merely to reargue an issue previously

addressed by the court when the reargument merely advances new arguments or supporting

facts which were available for presentation at the time of the original argument."  *Cashner*, 98

F.3d at 576 (citations omitted).

Mr. Burns merely disagrees with District Judge Babcock's Order to Dismiss in Part.  He

fails to present any valid errors of law.  *See Van Skiver*, 952 F.2d at 1244 (relief under Rule

60(b)(1) unwarranted where motion "did not allege any facially obvious errors of law").  Mr.

Burns only reargues generally that Claim 1 "is not frivolous and must be re-instated."  (*See* Doc.

# 101 at 3 of 11).  He provides no newly promulgated legal authority; he cites cases decided in

1941, 1969, and 1977.  (*See id.*).  Mr. Burns simply contends that the court was wrong in

dismissing Defendant Colorado Attorney General and Claim 1 from his AC.  A disagreement

with the court and a mere request that a court rethink a decision it has already made are

improper bases for relief under Rule 60(b)(1).  Mr. Burns makes no specific allegations or claims

against Defendants Rob Huss or Jennifer Huss.  As Mr. Burns fails to present any grounds for

relief under Rule 60(b)(1), Defendants Rob Huss and Jennifer Huss are properly terminated as

Defendants in this civil action.


3.     Claim 2 against Defendants Meehan and Wolff

       Mr. Burns alleges that Defendants Meehan and Wolff violated his Fifth and Fourteenth

Amendment due process rights based on prosecution for a prison disciplinary violation.[1]  He

alleges that Defendants Meehan and Wolff were employed at the DWCF in 2008.  (*See* Doc. #

60 at 2-3 of 15).  He alleges that Defendant Wolff "made up a story of sexual harassment in an

effort to harm the plaintiff around December 22, 200[8]."  (*See id.*, Doc.# 101 at 1 of 11).  Mr.

Burns alleges that "Defendant Meehan "prosecuted plaintiff illegally without cause or authority

used the Prison disciplinary process as a means to inflict harm[,] loss of privileg[e]s, earned and

goodtime credits without due process of law" in retaliation "against plaintiff for complaining about

---

[1]      To the extent that Mr. Burns alleges violation of his Fifth Amendment rights, the
Due Process Clause of the Fifth Amendment protects against due process violations by the
federal government.  *See Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461 (1952) (Fifth
Amendment applies to and restricts only the Federal Government and not private persons);
*Junior Chamber of Commerce of Kansas City, Mo. v. Missouri State Junior Chamber of
Commerce*, 508 F.2d 1031, 1033 (8th Cir. 1975) (there must be a finding of federal action
before there is any deprivation of due process in violation of the Fifth Amendment).  There is no
allegation in this civil action of any conduct by federal government actors.  The prison where the
events occurred is a state facility and Defendants are or were state employees.  As none of the
Defendants are subject to the due process clause of the Fifth Amendment, Mr. Burns fails to
state a Fifth Amendment claim.  The Fifth Amendment is applied to the states through the
Fourteenth Amendment.  State actors are subject to the due process clause of the Fourteenth
Amendment.  *See Ward v. Anderson*, 494 F.3d 929,

medical care to nurses at the Denver Women's Correctional Facility." (*See* Doc. # 60 at 8 of 15).  Mr. Burns successfully challenged the disciplinary conviction when Defendants confessed that a procedural defect occurred in the course of the disciplinary hearing and Judge Martin F. Egelhoff vacated "the findings and conclusions entered as a result of the defective hearing as well as any discipline that was imposed as a result of those defective proceedings." (*See* September 18, 2009 Order in Case No. 09CV3472 (Doc. # 102-1)).

Procedural due process guarantees apply to liberty and property interests encompassed by the Fourteenth Amendment.  *Board of Regents v. Roth*, 408 U.S. 564 (1972), *abrogation on other grounds recognized in Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1154 (10th Cir. 2001).  To the extent that Mr. Burns alleges violation of his Fourteenth Amendment rights, "[t]he Fourteenth Amendment provides that no state shall 'deprive any person of life, liberty, or property, without due process of law.' " *Estate of DiMarco v. Wyoming Dept. of Corrections*, 473 F.3d 1334, 1339 (10th Cir. 2007) (quoting U.S. Const. amend. XIV). "A due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered."  *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (citation omitted).  *See also American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999) ("The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'") (citing U.S. Const., amend. XIV);  *Toevs v. Reid*, 685 F.3d 903, 910-11 (10th Cir. 2012) ("The first issue in the due-process context is whether the plaintiff has established a protected interest (in this case a liberty interest).") (citations omitted).

Mr. Burns's alleged loss of earned and good time credits does not implicate a constitutionally protected liberty interest.  *Templeman v. Gunter*, 16 F.3d 367, 369-70 (10th Cir. 1994);  *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006).  *See also Gandy v. Arellano*, No. 08-cv-02473-CMA, 2010 WL 2650470, at * 4 (D. Colo. June 30, 2010) ("An offender has no

constitutional right to good – and earned – time credits.") (citation omitted);  *Calcari v. Executive Director of Colorado Dept. of Corrections*, No. 07-cv–1609-WYD, 2009 WL 3367074, at * 3 (D. Colo. Oct. 15, 2009) ("There is no constitutional right to good- and earned-time credits.") (citation omitted);  *Briggs v. Ritter*, No. 08-cv-00131-BNB, 2008 WL 793576, at * 2 (D. Colo. Mar. 21, 2008) (dismissing due process claim as legally frivolous for lack of protected liberty interest in earned time credits).  Because Mr. Burns had no constitutionally protected liberty interest, his Fourteenth Amendment due process claim fails.

Even assuming the withholding of earned and good time credits from Mr. Burns for disciplinary reasons implicated a constitutionally protected liberty interest, the court concludes that he does not state a claim for a Fourteenth Amendment due process violation.  Prison officials may not retaliate against a prisoner because he exercises his constitutional rights. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (addressing claim for retaliation in a First Amendment context).  *See also O'Bryant v. M.D. Finch*, 637 F.3d 1207, 1212 n. 10 (11th Cir. 2011) (noting that some courts describe the filing of false disciplinary charges in retaliation for the inmate's complaint about the conditions of his confinement not as a First Amendment retaliation claim but as a due process claim and recognizing that "[h]owever labeled, our Court recognizes that an inmate has a § 1983 action if prison officials file false disciplinary charges in retaliation for the inmate exercising his right to free speech by making grievances about prison conditions").  To state a retaliation claim, Mr. Burns "must plead facts indicating that he can plausibly prove three elements at trial: (1) he engaged in constitutionally-protected activity; (2) the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the defendants' actions were substantially motivated by the plaintiff's protected activity."  *Magluta v. U.S. Fed. Bureau of Prisons*, No. 08-cv-00404, 2009 WL 1504749, at *3 (D. Colo. May 27, 2009) (addressing claim for retaliation in a First Amendment context) (citing *Shero v. City of Grove*, 510 F.3d 1196, 1203

(10th Cir. 2007)).  "A plaintiff must allege facts to show that retaliation was the animus behind the defendants' actions, *i.e.,* a plaintiff must show that 'but for' a desire to retaliate, the defendants would not have acted as they did."  *Id.* (citations omitted).  "An inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of [his] constitutional rights."  *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks and citation omitted).

Even if the court assumes that the verbal complaints Mr. Burns made about his medical treatment to nurses at the DWCF are sufficient to constitute protected activity, and that the disciplinary charge constitute adverse action sufficient to deter a person of ordinary firmness from engaging in protected activities, Mr. Burns fails to adequately allege that Defendants Meehan's and Wolff's actions were substantially motivated by his protected activity.  Mr. Burns does not specifically allege in the AC that Defendants Meehan or Wolff had any knowledge of his complaints to the nurses at the DWCF.  (*See* Doc. # 60).  In his Response and "Affidavit in Support of Consolidated Response to Defendants Answer & Motions to Dismiss," Mr. Burns states that on or about November 18, 2008, a nurse named "Cathy" failed to provide him with proper medical care, and that after he complained to a supervisor, nurse Cathy was reprimanded.  (*See* Doc. # 102 at 2 of 6, ¶¶ 3-4).  Mr. Burns states that Defendant Wolff came into his cell over a month later, on December 22, 2008, and yelled at him for "being exposed" and to "cover up."  (*See id.* at ¶ 6).  He states that he "learn[ed] a few hours later that as soon as the incident ended RN Wolff had approached Sgt. Sanford and asked her to support her as a witness on a false report against me."  (*See id.*).  Mr. Burns asserts that "the false report stated I was masturbating rather than hanging out."  (*See* Doc. # 102 at 2 of 6, ¶ 6; *see also* Doc. # 3 at 8 of 23, ¶ 9 ("Mr. Burns was allowed to call one witness who said Mr. Burns appeared to be asleep, was dressed, however, he was hanging out 'inadvertently.'")).  Mr. Burns tries to connect his complaint about nurse Cathy and Defendant Wolff's report by stating that Defendant Wolff

took retaliatory action against him because "Nurse Cathy and Wolff are friends and that they had talked the morning of December 22 before defendant Wolff made her claim against me." (*See* Doc. # 102 at 2 of 6, ¶ 7).  Mr. Burns presents mere speculation that Defendant Wolf was aware of the complaints he made about nurse Cathy.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  His conclusory allegations about any communication between Defendant Wolff and nurse Cathy do not support a "connection that bridge[s] the gap" between the official with the alleged retaliatory animus and the official who issued a false report against him.  *See McBeth v. Himes*, 598 F.3d 708, 717 (10th Cir. 2010) (defendant who allegedly acted with retaliatory animus not same individual as one who caused plaintiff's injury).  Mr. Burns fails to allege a sufficient chronology of events between early November and late December 2008 pointing to his verbal complaint about nurse Cathy as the basis for Defendant Wolff's intent to retaliate against him or the "but for" cause of the disciplinary charge.  He cannot state a claim for retaliation or refute Defendants' Motion with mere conclusory allegations.  *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[T]he court may insist that the plaintiff put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal . . . .") (internal quotation marks and citation omitted); *Baker v. Smith*, 771 F. Supp. 1156, 1158 (D. Kan. 1991) ("A complaint that contains only conclusory allegations of a deprivation of a constitutional right and thus fails to supply a sufficient factual basis to allow defendants to intelligently prepare a defense fails to state a cause of action and must be dismissed") (citations omitted).

Mr. Burns states that Defendant Meehan

came to talk to me about the report Nurse Wolff has written[.]  I explained to him all of the above facts and sent him a letter afterward documenting what we had talked about.  He also reviewed and approved the Notice of Charge and sat as the Hearing Board Judge.  He still found guilt even after Sgt Sanford testified that the report was false.

(*See* Doc. # 102 at 2 of 6, ¶ 7).  Mr. Burns asserts that Defendant Meehan considered his version of the facts and still pursued a disciplinary charge.  (*See id.*).  The issue is whether there was a causal relationship between Mr. Burns's complaint about nurse Cathy in early November 2008 and the disciplinary charge in late December 2008.  *See Peterson*, 149 F.3d at 1144 ("[A] plaintiff must prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place.") (internal quotation marks and citation omitted).  Mr. Burns does not provide any facts that would establish that Defendant Meehan had a retaliatory animus or a "connection that bridge[s] the gap" between nurse Cathy, the official with the alleged retaliatory animus, and Defendant Meehan, the official who issued the disciplinary sanction against him.  *See McBeth*, 598 F.3d at 717.

In sum, Defendants Meehan and Wolff and Claim 2 are properly dismissed from this civil action.


4.      Claim 3 against Defendants Singh, Laurence, Assan, and Vahil

Mr. Burns alleges violation of his Eighth Amendment rights by Defendant Vahil for inadequate medical treatment and violation of his Fourteenth Amendment due process rights by Defendants Singh, Laurence, Assan, and Vahil for a threat to file disciplinary charges.  (*See* Doc. # 60 at 5, 9 of 15).


a.      Eighth Amendment Claim Alleged against Defendant Vahil

Mr. Burns alleges he suffered complications after experiencing an allergic reaction to Asacol, a drug that Dr. Vahil prescribed to treat his ulcerative colitis condition.  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. Amend. VIII.  "[T]he treatment a prisoner receives in prison . . . [is] subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).  The Eighth

Amendment's prohibition against cruel and unusual punishment is violated when prison officials "act deliberately and indifferently to serious medical needs of prisoners in their custody." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). *See also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment.") (internal quotation marks and citation omitted).

An Eighth Amendment claim involves "a two-pronged inquiry, comprised of an objective component and a subjective component." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). "Under the objective inquiry, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension." *Self*, 439 F.3d at 1230 (internal quotation marks and citation omitted). "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (internal quotations marks and citation omitted). Under the subjective inquiry, the defendant must have acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "To make out an Eighth Amendment claim based on the failure to provide adequate medical care, . . . the mere negligent or inadvertent failure to provide adequate care is not enough." *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 198 n. 5 (1989). *See also Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) ("A prison doctor's negligent diagnosis or treatment of a medical condition do[es] not constitute a medical wrong under the Eighth Amendment") (internal quotation marks and citation omitted). For a prison official to be found liable for deliberate indifference under the Eighth Amendment, "the official must 'know[] of and disregard[] an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference.'" *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803,

809 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 837).

Assuming that Mr. Burns's allergy to Asacol amounts to an objectively serious medical need, the court concludes that he has failed to allege facts to establish that Defendant Vahil was deliberately indifference to his serious medical needs.  While Mr. Burns alleges that Defendant Vahil prescribed the drug Asacol to treat his ulcerative colitis condition, he does not allege that Defendant Vahil knowingly placed him on medication to which he was allergic.  Mr. Burns alleges that Defendant Vahil "did not check [the] prescription with [Mr. Burns's] medical history charts or records." (*See* Doc. # 60 at 9.)  As a matter of law, a medical professional's failure to check on inmate's medical file for allergy information does not state an Eighth Amendment claim.  *See Brown v. Prison Health Servs.*, No. 05-3199, 159 F. App'x 840, 841 (10th Cir. Dec. 16, 2005) (affirming dismissal of Eighth Amendment claim against prison officials who prescribed medication without first reviewing the inmate's medical records for allergy information); *Holloman v. Nelson*, 817 F. Supp. 88, 90 (D. Kan. 1993) (dismissing Eighth Amendment claim arising from alleged failure to maintain accurate medical records and to closely monitor medication allergies); *Erickson v. Newberry*, No. 07-cv-00618, 2008 WL 2690719, at * 4 (D. Colo. July 3, 2008) (adopting recommendation to dismiss Eighth Amendment claim against prison official who administered codeine without reviewing the plaintiff's medical chart for allergy warnings).  Mr. Burns's allegations reflect at most negligence or malpractice.  The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Self*, 439 F.3d at 1233.  "It is not enough to establish that the official should have known of the risk of harm." *Brown*, 159 F. App'x at 841 (citation omitted).  The portion of Claim 3 that alleges an Eighth Amendment violation by Defendant Vahil is properly dismissed for failure to state a claim upon which relief can be granted.

b.     Fourteenth Amendment Claim Alleged against Defendants Laurence, Aasen, Vahil, and Singh

Claim 3 contains allegations that Defendants Singh, Vahil, Laurence, and Assan learned that Mr. Burns stopped taking his medications.  (*See* Doc. # 60 at 9 of 15, ¶ 5).  Mr. Burns alleges that on approximately October 27, 2008, these Defendants summoned him to the Arkansas Valley Medical Department and threatened him "with disciplinary charges" and "all the cost of his medical care if plaintiff did not continue to take the prescribed medic[a]tions."  (*See id.*).  Mr. Burns's allegations of verbal threats do not state a cognizable claim under § 1983.  *See Dunn v. White*, 880 F.2d 1188, 1198 (10th Cir. 1989) (dismissal of due process claim affirmed, as "[t]he mere threat of prison discipline did not infringe on a prisoner's protected liberty interest") (citation omitted);  *Melanson v. Swindler*, No. 09–cv–02405–BNB, 2009 WL 4884188, at * 1 (D. Colo. Dec. 15, 2009) (allegations that prison official told lies about prisoner, verbally harassed and degraded him, and made threats against him did not state an arguable constitutional claim) (citations omitted);  *Akervik v. Ray*, No. 01-3071, 01-3075, 2001 WL 1429413, at * 2 (10th Cir. Nov. 15, 2001) ("Verbal harassment alone does not state a constitutional violation.") (citation omitted).  That portion of Claim 3 that alleges a Fourteenth Amendment violation by Defendants Laurence, Aasen, Vahil, and Singh is properly dismissed for failure to state a claim upon which relief can be granted.

5.     Claim 4 against Defendants Wasko and Aasen

Mr. Burns alleges violation of his Eighth Amendment rights by Defendants Wasko and Aasen.  He alleges that Defendant Aasen failed "to treat his ulcerative colitis and Hep C between November 22, 2010 to May 13, 2011."  (*See* Doc. # 60 at 5, 10 of 15).  He argues that Defendant Wasko "is the one believed to be the 'someone' outlined" in his Affidavit.  (*See* Doc. # 101 at 5 of 11; Doc. # 102 at 5 of 6, ¶¶ 34, 38).

Defendants Wasko and Aasen argue that Mr. Burns fails to plead sufficient facts to support an inference that they had any personal participation in the alleged violation of his Eighth Amendment rights.  Individual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility.  *See Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation) (citation omitted); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation in a civil rights action) (citation omitted); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim.").  A plaintiff must both allege in the complaint and prove at trial an affirmative link between the alleged constitutional violation and a defendant's participation.  *Stidham*, 265 F.3d at 1157.

Mr. Burns's allegations do not identify any specific action or inaction by Defendants Wasko and Aasen.  Other than making a vague argument that Defendant Wasko "is the one believed to be the 'someone' outlined" in his Affidavit, Mr. Burns alleges no specific conduct by Defendant Wasko.  (*See* Doc. # 60 at 5, 10 of 15).  Mr. Burns does not plead that Defendant Wasko had any direct contact with him or directly caused or participated in the alleged constitutional violation.  He does not allege what capacity Defendant Wasko acted in, whether supervisory or otherwise.  A plaintiff may not rely upon the doctrine of *respondeat superior* to hold a defendant liable merely by virtue of a defendant's supervisory position.  *See Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151–52 (10th Cir. 2006).  "Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."  *Id.*  There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise.  *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Other than a general allegation that Claim 4 addresses "Dr. Assen failure to treat plaintiffs

ulcerative colitis and Hep C between November 22, 2010 to May 13, 2011 [sic]," Mr. Burns alleges no specific conduct by Defendant Aasen.  (*See* Doc. # 60 at 5 of 15).  Mr. Burns does not identify any specific action on any specific date by Defendant Aasen that would support his claim of a constitutional violation.  Conclusory allegations are insufficient to state a claim for violation of the Eighth Amendment.  *Riddle v. Mondragon*, 83 F.3d 1197, 1205-06 (10th Cir. 1996).

    In addition to failing to allege personal participation by Defendants Wasko and Aasen, Mr. Burns fails to allege sufficient facts to support the subjective component of his Eighth Amendment claim, that Defendants were deliberately indifferent to a substantial risk of serious harm to him.  To state a claim under the Eighth Amendment, Mr. Burns must allege that Defendants actually knew of and disregarded an excessive risk to his health.  *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1274 (10th Cir. 2009) (citation omitted).  The subjective component of an Eighth Amendment claim requires "that the official actually be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (quoting *Farmer*, 511 U.S. at 837).  A plaintiff must allege that the defendants actually knew of the risk; it is insufficient to allege that they should have known of the risk.  *See Farmer*, 511 U.S. at 838 (liability can only be based on actual knowledge of a substantial risk of serious harm, not on an "official's failure to alleviate a significant risk that he should have perceived but did not. . . .").  "An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation."  *Tafoya*, 516 F.3d at 916 (citation omitted).  A showing of simple, or even heightened, negligence does not establish that defendants were subjectively aware of the risk.  *Verdecia v. Adams*, 327 F.3d 1171, 1176 (10th Cir. 2003).  As Mr. Burns's allegations fail to support an inference that Defendant Wasko and Aasen were aware of any specific risk to him

19

and disregarded such risk, they are insufficient to support the element of deliberate indifference. In sum, Mr. Burns fails to allege a basis for holding Defendants Wasko or Aasen liable for an Eighth Amendment violation.

6.      Qualified Immunity.

Defendants Meehan, Laurence, Aasen, Vahil, Singh, and Wasko, joined by Defendant Wolff, raise the defense of qualified immunity. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.*

Once a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to show that (1) the defendant violated a constitutional or statutory right and (2) the constitutional or statutory right was clearly established when the alleged violation occurred. *Verdecia v. Adams*, 327 F.3d 1171, 1174 (10th Cir. 2003). The court has concluded that Mr. Burns fails to state a claim to which relief can be granted as to several of his claims. The court need not reach the "clearly established" prong of qualified immunity to conclude that Mr. Burns's claims fail. *See Wilder*, 490 F .3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right). Thus, in their individual capacities, Defendants Meehan

and Wolff are entitled to qualified immunity from Claim 2, Defendant Vahil is entitled to qualified immunity from Claim 3, Defendants Laurence, Aasen, and Singh are entitled to qualified immunity from that portion of Claim 3 that alleges a Fourteenth Amendment violation, and Defendants Wasko and Aasen are entitled to qualified immunity from Claim 4.

7.     Violation of Colorado Criminal Laws

In his Response, Mr. Burns argues that "[t]he complaint and affidavit in support show conduct of a criminal nature," citing Colorado criminal statutes.  (*See* Doc. # 101 at 4 of 11).  To the extent that Mr. Burns may be attempting to assert any criminal violation, criminal statutes do not provide a private right of action and are not enforceable by individuals through a civil action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir.2007).  As Mr. Burns is barred from bringing claims pursuant to the cited Colorado criminal statutes, any claim with respect to the alleged violation of these statutes is properly dismissed for failing to state a claim upon which relief may be granted.  *See Wolf v. Petrock*, No. 09-1514, 382 F. App'x 674, 677 (10th Cir. June 10, 2010) (affirming the dismissal of a civil claim pursuant to Fed. R. Civ. P. 12(b)(6) because the plaintiff attempted to bring the action under criminal statutes).

8.     Doe Defendants

Mr. Burns sues several unidentified "John & Jane Does."  (*See* Doc. # 60 at 1, 4 of 15). There is no provision in the Federal Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit.  *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982).  *See also Wenzel v. Arpaio*, No. CV 09-1927-PHX-MHM (JRI), 2009 WL 4154926, at * 3 (D. Ariz. Nov. 20, 2009) ("Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action.");  *Watson v. Unipress, Inc.*, 733

F.2d 1386, 1388 (10th Cir. 1984) (Under Colorado law, naming of "John Doe" defendant does not toll statute of limitations with respect to such defendant); *Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967) (per curiam) (affirming dismissal "as to the fictitious defendants . . . .") (citation omitted).  To the contrary, the Federal Rules provide:

> "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation.  The title of the complaint must name all the parties . . . ."

Fed. R. Civ. P. 10(a).

Further, a court cannot obtain personal jurisdiction over a party without proper service of process.  *See Murphy Brothers, Inc v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant.  Effective service of process is therefore a prerequisite to proceeding further in a case.").

Mr. Burns commenced this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (*See* November 4, 2010 "Order . . . Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. §1915" (Doc. # 2); June 13, 2012 "Amended Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. §1915" (Doc. # 62)).  The Clerk of the Court initiated service of process on the Defendants.  (*See* Doc. # 66).  On March 29, 2012, a Waiver of Service of Summons was filed with the court.  (*See* Doc. # 74).  The Waiver was completed by Teresa Reynolds, Legal Services Group Leader, Office of Legal Services, Colorado Department of Corrections ("CDOC"), and indicated that service was not waived as to "unidentified individuals who cannot

be identified as current DOC employees: Clinical Services for Colorado Department of Corrections, John & Jane Does, Nurse and P.A.s at DWCF Infirmary, Person Assigned to Douglas Burns Health Care, Jane Doe Nurse at La Vista Correctional Facility, John or Jane Doe for the La Vista Correctional Facility Clinical Services, and Nurses and P.A.s on the Swing Shift." (*See id.*). Based upon the information before the court, the unidentified "John & Jane Does" cannot be served with process. To date, none of the unidentified Defendants have filed a waiver of service or appeared in the case.

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The "John & Jane Does" have been named as Defendants in this case since the filing of the AC on June 11, 2012. As of this date, more than 10 months has passed since the filing of the AC and the record before the court indicates that none of the unidentified Defendants have been served in this action.

While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, the U.S. Marshal and the Clerk of the Court have performed their duties to serve the "John & Jane Does." The court need not require the U.S. Marshal to search for or make any further attempts to serve these unidentified Defendants. Sufficient time has been afforded and sufficient efforts have been made to serve these Defendants such that they may properly be dismissed without prejudice from this civil action for failure to effect service within the time limit of Fed. R. Civ. P. 4(m) and pursuant to D. C. COLO. LR 41.1 for failure to prosecute. Because anonymous parties are not permitted by the Federal Rules, the time period for serving the summons and complaint has expired, and Mr.

Burns has not identified the anonymous Defendants or sought an extension of time to serve them, Defendants "Nurse and P.A.s John & Jane Does at DWCF Infirmary, . . . Person Assigned to Douglas Burns Health Care, . . . Jane Doe Nurse at La Vista Correctional Facility, . . . John or Jane Doe for the La Vista Correctional Facility Clinical Services, . . . Nurses and P.A.s on the Swing Shift at the Denver Womens Prison," and "Jane Does at Denver Womens Correctional Facility" may properly be dismissed from this civil action.

Accordingly, IT IS RECOMMENDED that:

1.      The Partial Motion to Dismiss filed by Defendants Meehan, Laurence, Aasen, Vahil, Singh, and Wasko on November 5, 2012 (Doc. # 87) and joined by Defendant Wolff (*see* Docs. # 92, 93 (Order granting Defendant Wolff's Motion for Joinder in Section III of Partial Motion to Dismiss) be GRANTED.

a.      Mr. Burns's claims for retrospective declaratory and injunctive relief be dismissed for failure to state a claim upon which relief can be granted and his claims for  prospective declaratory and injunctive relief be dismissed as moot.

b.      The Clerk of the Court terminate Defendants Rob Huss and Jennifer Huss as Defendants in this civil action.

c.      Defendants Wolff and Meehan and Claim 2 be dismissed from this civil action for failure to state a claim upon which relief can be granted.

d.      Defendant Vahil, named only in Claim 3, be dismissed from this civil action for failure to state a claim upon which relief can be granted against him.

e.      Defendants Laurence, Aasen, and Singh be dismissed from that portion of Claim 3 that alleges violation of Mr. Burns's Fourteenth Amendment due process rights.

f.      Claim 4 be dismissed for failure to state a claim upon which relief can be granted.

g.      The John and Jane Doe Defendants "Nurse and P.A.s John & Jane Does at

24

DWCF Infirmary, Person Assigned to Douglas Burns Health Care, Jane Doe Nurse at La Vista Correctional Facility, John or Jane Doe for the La Vista Correctional Facility Clinical  Services, Nurses and P.A.s on the Swing Shift at the Denver Womens Prison, and Jane Does at Denver Womens Correctional Facility" and Claims 7 and 8 be dismissed.

      h.     This civil action proceed at this time on: (1) the portion of Claim 3 that alleges an Eighth Amendment violation against Defendants Ted Laurence, P.A, Dr. Aasen, and Tejinder Singh, (2) Claim 5 against Defendant Dr. Jeff Clemens, and (3) Claim 7 against Defendant Henrique A. Fernandez, M.D.

**Advisement to the Parties**

      Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");

*International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 29th day of April, 2013.

BY THE COURT:


  s/Craig B. Shaffer
United States Magistrate Judge