**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 10-cv-2691-WJM-CBS

DOUGLAS BURNS,

      Plaintiff,

v.

TED LAURENCE, P.A.,
DR. ASSEN,
P.A. TEJINDER SINGH,
DR. JEFF CLEMENS, ST MARY CORWIN, and
HENRIQUE A. FERNANDEZ, M.D., ST MARY CORWIN,

      Defendants.

---

**ORDER ADOPTING JUNE 3, 2013 RECOMMENDATION OF MAGISTRATE JUDGE**
**AND DENYING MOTION TO DISMISS**

---

*Pro se* plaintiff Douglas Burns ("Plaintiff") brings claims pursuant to 42 U.S.C. §

1983 against Defendants Ted Laurence, P.A., Dr. Assen, Tejinder Singh, P.A., Dr. Jeff

Clemens, and Dr. Henrique A. Fernandez (collectively "Defendants"), alleging violations of

his Eighth Amendment rights.[1]  This matter is before the Court on the June 3, 2013

Recommendation of United States Magistrate Judge Craig B. Shaffer (the

"Recommendation") (ECF Nos. 119 & 121) that Defendant Dr. Jeff Clemens's Motion to

Dismiss ("Motion") (ECF No. 84) be denied.  The Recommendation is incorporated herein

by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  For the reasons set

forth below, the Recommendation is adopted and the Motion is denied.

---

[1] Plaintiff initially pled additional claims against additional defendants under the Fifth and
Fourteenth Amendments, but the claims were dismissed.  (*See* ECF No. 117.)

## I.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district  judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).  The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.  BACKGROUND

The relevant facts, taken in the light most favorable to the Plaintiff, are as follows.

Plaintiff is a former prisoner who was, at all relevant times, incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado.  (Am. Compl. (ECF No. 60) pp. 5-6.)

Plaintiff was diagnosed with ulcerative colitis in 2007, and subsequently suffered a variety of medical complications and negative reactions to treatments while incarcerated.  (*Id.*) Plaintiff's claims under the Eighth Amendment arise out of the Defendants' alleged deliberate indifference to Plaintiff's serious medical needs.  (*Id.* at 9, 11-12.)

Plaintiff's Complaint (ECF No. 1) was filed *pro se* on November 1, 2010, and was amended on June 11, 2012.  The instant Motion was filed by Defendant Clemens on October 25, 2012.  (ECF No. 84.)  After receiving an extension of time, Plaintiff filed a Response to the Motion, consolidated with his response to another Motion to Dismiss filed by several other Defendants, on December 11, 2012.  (ECF No. 101.)  A Reply was filed on December 21, 2012.  (ECF No. 109.)  Discovery was stayed pending the resolution of Defendants' Motions to Dismiss.  (ECF No. 110.)

On June 3, 2013, Magistrate Judge Shaffer held a hearing on the Motion, and made a Recommendation from the bench that the Motion be denied.  (Transcript (ECF No. 121) pp. 21-22.)  On June 17, 2013, Defendant Clemens filed an Objection to the Recommendation.  (ECF No. 120.)  Plaintiff filed no Response to the Objection.

### III.  ANALYSIS

In the Motion, Defendant Clemens argues that Plaintiff's claims against him are subject to Colorado Revised Statute § 13-20-602, which requires plaintiffs to file a certificate of review "in every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional."  (ECF No. 84 at 2-5.)  Because Plaintiff did not file a certificate of review, Defendant Clemens contends that the claims against him should be dismissed.  (*Id.*)  The Magistrate Judge found that Plaintiff's claim

3

against Defendant Clemens was not subject to § 13-20-602, and therefore concluded that it need not be dismissed for lack of a certificate of review.  (Transcript at 21.)  As a result, the Magistrate Judge recommends that the Motion be denied.  (*Id.*)  Because Defendant Clemens filed a timely Objection challenging the Magistrate Judge's findings, the Court reviews the issue *de novo*.  Fed. R. Civ. P. 72(b)(3).

When a plaintiff brings an action for damages based upon the negligence of a licensed professional, Colorado law requires that the plaintiff file with the court a certificate of review indicating that he has consulted an expert in the professional field in order to demonstrate that the professional negligence claim is not frivolous.  *See* Colo. Rev. Stat. § 13-20-602(1), (3)(a).  Although the statutory language refers explicitly to negligence claims, Colorado courts have applied the certificate of review requirement "to all claims against licensed professionals wherein expert testimony is required to establish the scope of the professional's duty or the failure of the professional to reasonably conduct himself or herself in compliance with the responsibilities inherent in the assumption of the duty."  *Martinez v. Badis*, 842 P.2d 245, 252 (Colo. 1992); *see also Colo. Trust for Prot. & Benefits v. Souder, Miller & Assocs., Inc.*, 870 F. Supp. 2d 1173, 1178 (D. Colo. 2012) (holding that the "dispositive issue" with regard to the application of § 13-20-602 "is whether expert testimony would be necessary to establish a prima facie case as to these claims.").

A court has discretion to determine whether a claim requires expert testimony, and therefore whether the certificate of review requirement is applicable.  *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 629 (Colo. 1999); *see also Fogle v.*

*Elliott*, 2012 WL 5363800 (D. Colo. Sept. 18, 2012), *report and recommendation adopted in relevant part*, 2012 WL 5363795 (D. Colo. Oct. 31, 2012) ("The requirements of section 13-20-602 are not jurisdictional; rather, courts have discretion to determine if a certificate of review is necessary.").

Here, as the Recommendation notes, the only claim in the Amended Complaint that names Defendant Clemens is Claim Five, which alleges that Defendant Clemens violated the Eighth Amendment.  (Transcript at 10; Am. Compl. at 11.)  In Claim Five, Plaintiff alleges that Defendant Clemens, who performed surgery on Plaintiff in March or April 2011, subsequently misrepresented the extent of the treatment he had provided, misrepresented Plaintiff's future prognosis, and actively obscured these facts to Plaintiff's detriment.  (Am. Compl. at 11.)  Plaintiff explains that, due to Defendant Clemens's alleged misrepresentations, Plaintiff's disease was "running unchecked" and that his medical condition significantly worsened as a result.  (*Id.*)

Construing Plaintiff's Eighth Amendment claim liberally, as the Court must do when faced with a *pro se* complaint, *see Haines*, 404 U.S. at 520-21; *Trackwell*, 472 F.3d at 1243, the Court reads Claim Five to contend that when Defendant Clemens misrepresented the treatment had given Plaintiff and made false statements about Plaintiff's future need for medical treatment, he caused a delay in treatment that harmed Plaintiff, and therefore was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*See* Am. Compl. at 11.)  The Supreme Court has held that "[d]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment," and states a cause of action under 42 U.S.C.

5

§ 1983. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (internal citation omitted). As is

readily apparent upon an examination of the relevant case law, courts have set out a

specific analysis for Eighth Amendment claims for deliberate indifference to serious

medical needs—an analysis that is substantively distinct from that applied to a negligence

claim. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994) (describing a two-pronged

inquiry examining first the objective seriousness of the medical need, and then the

subjective state of mind of the defendant).

The Court does not dispute that the level of culpability that must be shown to make

out a successful claim for deliberate indifference is "more blameworthy than negligence,"

requiring "more than ordinary lack of due care for the prisoner's interests or safety."

*Farmer*, 511 U.S. at 835; *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000)

(holding that where a medical professional mistreats a condition, he may avoid

constitutional liability by showing that his conduct was "merely negligent . . . rather than

deliberately indifferent"). Nevertheless, it does not follow that all the required components

of a negligence claim are necessarily also components of a deliberate indifference claim,

as Defendant's argument seems to suggest. Rather, the case law makes clear that while

deliberate indifference is a higher standard than negligence, courts engage in separate

analyses for each type of claim, under separate lines of authority. *See, e.g.*, *Herrera v.

Zavares*, 2010 WL 3853312 (D. Colo. Sept. 28, 2010) (granting motion to dismiss with

regard to a claim for common law negligence/malpractice due to failure to comply with 13-

20-602, but permitting Eighth Amendment deliberate indifference claims to proceed).

Furthermore, "the Court does not apply state substantive law such as § 13-20-602

to federal claims . . . . Thus, § 13-20-602 does not apply to Plaintiff's Eighth Amendment

6

claim." *McLean v. Clough*, 2006 WL 650169 at *1 (D. Colo. Mar. 10, 2006).  Accordingly, in numerous decisions, the District of Colorado has distinguished between the analyses for these two separate claims, applying the certificate of review requirement under § 13-20-602 to state law claims based upon professional negligence and malpractice, but not to Eighth Amendment claims arising from the same factual circumstances.  *See id.*; *Rudkin v. Allred*, 2013 WL 1815174 at *3 n.1 (D. Colo. Apr. 29, 2013) (noting plaintiff's failure to file certificate of review in dismissing medical malpractice claim, while permitting Eighth Amendment deliberate indifference claim to survive motion to dismiss); *Rivera v. Dowis*, 2010 WL 745018 at *4 (D. Colo. Feb. 24, 2010) (dismissing Eighth Amendment claims due to failure to sufficiently allege subjective component of deliberate indifference test, and "[t]o the extent that Mr. Rivera is alleging a state law malpractice claim separate from his § 1983 claims," dismissing any such claim due to failure to comply with § 13-20-602); *Martin v. Sherrod*, 2007 WL 1832036 at *8 (D. Colo. June 25, 2007) (adopting recommendation holding that plaintiff's "failure to file a certificate of review pursuant to Colo. Rev. Stat. § 13-20-602 does not bar his Eighth Amendment claim"). Thus, the Court need not evaluate whether expert testimony may be necessary in proving Plaintiff's claim, as § 13-20-602 does not apply to his Eighth Amendment claim in any event.

Defendant's insistent citations to cases that involve explicit negligence or malpractice claims are inapposite here, as Plaintiff has pled no negligence or malpractice claim.  (*See* Am. Compl.; ECF No. 84 at 3 (citing *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1118 (10th Cir. 2004); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d

1523, 1540 (10th Cir. 1996); *Wallin v. CMI*, 269 F. App'x 820, 826 (10th Cir. 2008)[2];

*Simmons v. Suthers*, 9 F. App'x 806, 808 (10th Cir. 2001)).)  Defendant Clemens argues

that the Court should "liberally construe" Plaintiff's Fifth Claim as a malpractice claim

subject to § 13-20-602, which argument Judge Shaffer characterizes as a "straw man."

(Transcript at 11.)  The Court agrees with Judge Shaffer.  Although the Court should, and

here does, liberally construe a *pro se* plaintiff's pleadings, nothing in the Amended

Complaint indicates that Plaintiff intends to plead a negligence or malpractice claim;

rather, Plaintiff explicitly cites the Eighth Amendment as the basis for his claim against

Defendant Clemens.  (*See* Am. Compl. at 11.)  Rather than a liberal construal, the Court

would have to invent a malpractice claim in order to agree with Defendant Clemens that

the claim should be dismissed for lack of a certificate of review.  Moreover, even if the

Court were to invent such a claim, and then summarily dismiss it due to a failure to

comply with § 13-20-602, such dismissal would have no bearing on Plaintiff's explicitly

pled Eighth Amendment deliberate indifference claim.  The Court declines to engage in

such an unnecessary and contorted exercise.

---

[2]  In addition to citing numerous cases that are factually or legally distinguishable, Defendant Clemens seriously mischaracterizes the holding of *Wallin* in his Reply.  (*See* ECF No. 109 at 3.)  Contrary to Defendant Clemens's contention, the plaintiff's failure to file a certificate of review in that case played no role in the ruling of either the District Court or the Tenth Circuit.  Rather, the District Court declined to exercise supplemental jurisdiction over the plaintiff's negligence and malpractice claims after dismissing his Eighth Amendment claim on Summary Judgment, *Wallin v. CMI*, 2007 WL 840870 (D. Colo. Mar. 19, 2007), and in response to the plaintiff's objection, stated explicitly that "this objection is now moot, since Wallin's failure to file a certificate of review played no part in my decision to dismiss his case."  *Wallin v. Brill*, 2007 WL 781566 at *2 (D. Colo. Mar. 13, 2007).  In affirming the District Court, the Tenth Circuit likewise expressed no opinion on the certificate of review issue.  269 F. App'x at 826. Defendant's counsel has done grievous injury to his credibility before this Court with the advancement of this argument.

Finally, Defendant Clemens's Objection introduces for the first time the inklings of an argument that Plaintiff's allegations of an Eighth Amendment violation are conclusory and Plaintiff does not sufficiently allege deliberate indifference. (*See* ECF No. 120 at 4, 6.) The Objection appears to suggest that the Eighth Amendment claim was facially deficient—so deficient, in fact, that it can only be read as a medical malpractice claim, triggering the application of § 13-20-602. (*Id.* at 6.) If taken to their logical conclusion, these contentions point to the argument that Plaintiff's Eighth Amendment claim against Defendant Clemens fails to state a claim and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Nevertheless, however meritorious and deserving of thorough consideration such an argument may have been had it been raised and argued in Defendant Clemens's Motion, it is simply too little, too late when it makes its first and only appearance in vague pronouncements in an Objection to the Magistrate Judge's Recommendation. Defendant Clemens's Motion, which argues for the dismissal of Claim Five solely because Plaintiff filed no certificate of review, fails to raise such a challenge, and the Court will not consider it here.

The Court has evaluated the Motion *de novo* and agrees with the Magistrate Judge's well-reasoned Recommendation. Accordingly, the Court adopts the Recommendation and denies Defendant Clemens's Motion.

## IV. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1.     The Recommendation of the United States Magistrate Judge (ECF No. 119) is

        ADOPTED and Defendant Clemens's Motion to Dismiss (ECF No. 84) is DENIED;

2.     Defendant Clemens's Objection to the Recommendation (ECF No. 120) is

       OVERRULED; and

3.     The stay of discovery (ECF No. 110) is hereby LIFTED.

Dated this 17th day of July, 2013.

BY THE COURT:

William J. Martínez
United States District Judge