# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02691-WJM-CBS

DOUGLAS BURNS,

    Plaintiff,

v.

TED LAURENCE,
MICHAEL ASSEN,
TEJINDER SINGH,
JEFFREY CLEMENS, and
HENRIQUE FERNANDEZ,

    Defendants.

---

## PROTECTIVE ORDER

---

Pursuant to stipulation of the parties and in accordance with the provisions of Fed. R. Civ. P. 26(c),

IT IS HEREBY ORDERED THAT:

1. Confidential information in this litigation (hereinafter collectively referred to as "Confidential Material") shall include any information that counsel for the party making the designation believes in good faith to be confidential or otherwise entitled to protection, including sensitive medical information.

2. Confidential Material shall be designated by stamping "CONFIDENTIAL" on the copies of the document produced.  Stamping "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as Confidential Material, unless otherwise stated by the producing party.  In the case of deposition

testimony, a party may request at the time a question is asked, or at the end of the deposition, that any Protected Health Information be designated confidential. A party may designate Protected Health Information in a deposition as Confidential Material after transcription of the deposition, provided that written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

3. Confidential Material shall be designated as such only after counsel for the party making the designation has reviewed, or heard, the information and believes, in good faith, that the information is confidential or otherwise entitled to protection.

4. With regard to disclosure of medical information and medical records, such documents relating to the plaintiff shall only be produced pursuant to a signed authorization for the information from the plaintiff. Any and all documents obtained by a party pursuant to an authorization for release of medical records shall be marked "CONFIDENTIAL" by that party. Copies of any and all documents obtained by a party through the use of an authorization for release of medical information shall be immediately provided to the other party.

5. The Confidential Material discussed in ¶1 above, and all tangible embodiments thereof, all copies thereof, the substance thereof, and all information contained therein:

(a) shall not be disclosed or distributed by counsel, or any other person receiving, viewing or hearing the Confidential Material ("Receiving Person") to any person other than to (1) counsel for either party as identified in ¶10 below, (2) insurance carriers for either party, (3) partners, employees and agents of counsel for either party,

(4) any consulting or testifying experts hired by counsel for either party, who are assisting counsel in preparation of this action for trial, (5) the Court and its employees, and (6) Plaintiff ("Plaintiff").Defendants ("Defendants"), their officers, directors and employees;

    (b)    shall not be disclosed to any consulting or testifying expert unless the party making the disclosure follows the provisions of ¶8 of this Protective Order.

    6.    Any request to restrict access to Confidential Material must comply with the requirements of D.C.COLO.LCivR 7.2.

    7.    By agreeing to the limited disclosure permitted under this Protective Order, no party waives its claim that Confidential Material is confidential. All parties agree that a disclosure in accordance with this Protective Order does not constitute a waiver of a party's claim or position that the information so disclosed is confidential. All parties agree that no party will contend that the failure to mark a particular document as Confidential Material or to designate any portion or a deposition as Confidential Material constitutes a waiver of the other party's position, if any, that a document or a portion of a deposition contains Confidential Material, unless the party seeking to assert waiver first notifies the other party in writing of its intention to claim waiver and gives the other party three (3) business days within which to designate as confidential the document or portion or deposition transcript at issue.

    8.    Before disclosing any Confidential Material to any consulting or testifying expert, counsel for the disclosing party shall have the consulting or testifying expert execute the Downstream Associate Agreement attached as Exhibit A.

9. Before trial, the parties will address the method for protecting the confidentiality of the Confidential Material during trial.

10. In accordance with this Protective Order, counsel for the parties are:

   A. In the case of Plaintiff: Colin Deihl and Leslie Prill

   B. In the case of Defendants Ted Laurence, Michael Assen, and Tejinder Singh: Jacob Massee

   C. In the case of Defendant Jeffrey Clemens:  Joseph Palmeri and Lance Ream

   D. In the case of Defendant Henrique Fernandez: Lori Moore and Michael Watts

It is the responsibility of the attorneys whose signatures appear below to ensure that their partners, employees and agents who may have access to Confidential Material shall be apprised of, and adhere to, this Protective Order.

11. A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party designating the information as Confidential Material shall have the obligation to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as Confidential Material under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Material and shall not thereafter be treated as Confidential Material in accordance with this Protective Order. In connection with a

motion filed under this provision, the party designating the information as Confidential Material shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Material.

12. The termination of proceedings in this action shall not relieve any person to whom Confidential Material was disclosed from the obligation of maintaining the confidentiality of such material in accordance with the provisions of this Protective Order.

13. Upon final termination of this action, including any appeal, each party shall assemble and shall destroy all items designated as Confidential Material by the other party in accordance with the Colorado Rules of Professional Conduct.

14. This Protective Order shall be without prejudice to the right of the parties: a) to bring before the Court at any time the question of whether any particular document or information is Confidential Material or whether its use should be restricted; or, b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restriction differing from those as specified herein.

15. This Protective Order shall not be deemed to prejudice the parties in any way from making future application to this Court for modification of this Order.

16. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without unnecessarily involving the Court in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceeding pursuant to this Protective Order shall be deemed to be an

admission or waiver by either party, or to be an alteration of the confidentiality or non-confidentiality or the discoverability or nondiscoverability or the admissibility or inadmissibility of any such document or information, or to be an alteration of any existing obligation of any party or the absence of any such obligation.

17.   The existence of this Protective Order, including the fact that it was entered into by the parties shall not be admissible at trial of the present action, nor shall it be admissible in any other court, administrative agency or tribunal for any party, with the exception of a proceeding to enforce or interpret the terms of this Protective Order.

18.   To the extent that any discovery is taken from any person who is not a party to this action ("Third Party"), and in the event such Third Party contends the discovery sought involves Confidential Material, then such Third Party may agree to execute and be bound by this Protective Order.

19.

DATED at Denver, Colorado, on January 22, 2014.

BY THE COURT:

United States Magistrate Judge

| | |
|---|---|
| */s/ Colin C. Deihl* | E-mail: colin.deihl@faegrebd.com |
| Colin C. Deihl | leslie.prill@faegrebd.com |
| Leslie B. Prill | |
| Faegre Baker Daniels LLP | *Attorneys for Plaintiff Douglas Burns* |
| 3200 Wells Fargo Center | |
| 1700 Lincoln Street | */s/ John M. Palmeri* |
| Denver, CO 80203-4532 | John M. Palmeri |
| Telephone: (303) 607-3500 | Lance J. Ream |
| Facsimile: (303) 607-3600 | Goredon & Rees, LLP |

555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
E-mail: jpalmeri@gordonrees.com
      lream@gordonrees.com

*Attorneys for Defendant Jeffrey Clemens*


*/s/ Jacob D. Massee*
Jacob D. Massee
Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6623
Facsimile: (720) 508-6032
E-Mail: jacob.massee@state.co.us

*Attorney for Defendants Ted Laurence, Michael Assen, and Tejinder Singh*

*/s/ Lori M. Moore*
Lori M. Moore, Esq.
Michael A. Watts, Esq.
Rutherford, Mullen & Moore LLC
2925 Professional Place, Suite 202
Colorado Springs, Colorado 80904
Telephone:
E-mail: lmoore@rmmattys.com
      mwatts@rmmattys.com

*Attorneys for Defendant Henrique Fernandez*

7

### **Exhibit A: Downstream Associate Agreement**

RE:   Business Associate Agreement
      HIPAA Privacy Regulations
      Case Name:  *Burns v. Laurence, et al.*, Civil Action No. 1:10-cv-02691-WJM-CBS

Dear Dr. _____:

Under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Privacy Regulations, you are a downstream "business associate" of our firm and authorized as our agent to assist us in performing services for our client, _____.  You may need to use and/or disclose Protected Health Information ("individually identifiable health information that is maintained in any form or medium and which is provided to you by or on behalf of a Covered Entity") in performance of services for our client, _____.

Before we may disclose confidential information to you, as a downstream business associate, we must obtain satisfactory assurances that you will appropriately safeguard the information.  **You cannot use or disclose the information in any manner that would not be permissible for our Company under the HIPAA privacy regulations.**

We need to have your agreement that you will:
- not use or further disclose the information other than as permitted or required by law;
- use appropriate safeguards to prevent unauthorized use or disclosure of the information;
- report to our practice any use or disclosure not permitted of which you become aware;
- ensure that any sub-agents to whom you provide confidential information agree to the same restrictions that apply to our practice and to you through this agreement;
- afford individuals access to their information, by and through the Covered Entity, as required by HIPAA regulations;
- make information available to the Covered Entity for amendment and incorporate appropriate amendments;
- provide an accounting of unauthorized disclosures, if requested;
- make your records relating to the use and disclosures available to the Secretary of HHS for the purposes of assessing our practice's compliance with the privacy regulations; and
- at termination of the relationship return or destroy all PHI received by you from or on behalf of the client except to the extent other rules of law require that you maintain such information.

i

      I, the undersigned, agree to the conditions outlined in this letter.  I give my assurance that I will abide by the duties required under the HIPAA Privacy regulations with respect to the uses and disclosures of Protected Health Information.

_____        _____
Signature of Authorized Representative                  Date


_____
Title of Person Signing


_____
Name Printed

Thank you for your anticipated prompt response in returning this agreement to our practice.

                                               Very truly yours,